**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO, DARIN
JEFFRIES, MICHAEL O'TOOLE, MICHAEL BOURGAL,
FRANK H. FINKEL, JOSEPH A. FERRARA, SR., MARC
HERBST, DENISE RICHARDSON, and THOMAS
CORBETT, as Trustees and Fiduciaries of the Local 282
Welfare Trust Fund, the local 282 Pension Trust Fund,
the Local 282 Annuity Trust Fund, the Local 282 Job
Training Fund, and the Local 292 Vacation and Sick
Leave Trust Fund,

**MEMORANDUM
AND ORDER**

CV 18-1708 (SJF) (AKT)

                        Plaintiffs,

      - against -

BKS-NY, LLC,

                        Defendant.
-------------------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      This action was commenced on March 19, 2018 by Plaintiffs Thomas Gesualdi, Louis Bisignano, Darin Jeffers, Michael O'Toole, Michael Bourgal, Frank H. Finkel, Joseph A. Ferrara, Sr., Marc Herbst, Denise Richardson, and Thomas Corbett, as Trustees and Fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds (collectively, "Plaintiffs") against Defendant BKS-NY, LLC ("Defendant"). *See generally* Plaintiffs' Complaint ("Compl.") [DE 1]. Plaintiffs brought this action pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132(a), 1145 ("ERISA") and Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA") to recover unpaid contributions, interest, liquidated damages, and attorneys' fees and costs from Defendant. *See id.*

On August 17, 2018, Plaintiffs moved for a default judgment against Defendant. *See* Plaintiffs' Notice of Motion for Default Judgment [DE 18]. Thereafter, in conjunction with Plaintiffs' motion for default judgment, Judge Feuerstein ordered Plaintiffs to: "(1) file a proposed order on the Motion for the Court's consideration; (2) serve said proposed order on Defendant; and (3) file proof of such service with the Court." *See* August 21, 2018 Electronic Order. In accordance with Judge Feuerstein's Order, on August 28, 2019, Plaintiffs' counsel filed a proposed order and default judgment, as well as an affidavit of service indicating service of same upon Defendant. *See* Plaintiffs' August 28, 2019 Letter [DE 24]. On September 13, 2018, Judge Feuerstein conducted a hearing on Plaintiffs' motion for default judgment, signed the proposed judgment, and closed the case on the record. *See* Minute Entry for Hearing in Aid of Judgment [DE 25]; *see also* September 13, 2018 Electronic Order granting Plaintiffs' Motion for Default Judgment; Default Judgment [DE 26]. In entering default judgment against Defendant, Judge Feuerstein ordered Defendant to pay $516,943.78, comprised of unpaid pension contributions with corresponding interest, liquidated damages, attorneys' fees and costs. *See* Default Judgment.

Presently before the Court is Plaintiffs' letter motion seeking an Order: (1) compelling Defendant's principal, Luke Kollasch ("Kollasch" or "Mr. Kollasch") to appear for a post-judgment deposition and to produce documents in compliance with the December 7, 2018 duly-served subpoena (the "Subpoena"), pursuant to Rule 45 of the Federal Rules of Civil Procedure; and (2) imposing sanctions under Rule 37 of the Federal Rules of Civil Procedure 37 in the form of attorneys' fees and costs for "flouting" the Subpoena. *See* Plaintiffs' Motion to Compel Compliance with Subpoena ("Pls.' Mot.") [DE 27]. As relevant here, Plaintiffs state that Kollasch failed to appear for his duly-noticed deposition which was scheduled for December 21,

2

2018 at Plaintiffs' 2500 Marcus Avenue, Lake Success, New York address -- despite being personally served with the Subpoena. *Id.* Plaintiffs attach the Subpoena to the instant motion, including an affidavit of service indicating that Mr. Kollasch was personally served with the Subpoena on December 10, 2018. *See id.* at 5-16.

According to Plaintiffs, on the morning of December 21, 2018, Mr. Kollasch called Plaintiffs' counsel and advised that he was not going to attend the deposition. *Id*. at 2. During the phone call, Plaintiffs' counsel asked Mr. Kollasch whether he was currently represented by counsel and he responded that he was not. *Id.* Plaintiffs' counsel states that Kollasch did not request additional time to secure counsel or provide a reason for failing to appear at the scheduled deposition and refused, without explanation, to provide an alternate date for the deposition. *Id.* Prior to resorting to motion practice, Plaintiffs' counsel states that he asked Mr. Kollasch to confirm that he would ultimately comply with the subpoena, but Kollasch refused to do so. *Id.*

Plaintiffs allege, upon information and belief, that Mr. Kollasch is the custodian of Defendant's records, including "bank account, tax and asset records, which will assist in the enforcement of the Judgment." *Id.* at 2. Defendants further allege, upon information and belief, that Kollasch is the "sole individual with knowledge regarding whether assets are available to satisfy the judgment." *Id.* at 2. Plaintiffs assert that "[w]ithout a Court Order compelling Mr. Kollasch's deposition and [the production of] documents . . . Plaintiffs will not be able to take Mr. Kollasch's deposition or otherwise engage in due diligence to enforce the Judgment." *Id.* at 2-3. Consequently, Plaintiffs request an Order compelling Mr. Kollasch to appear for a post-judgment deposition on a date and time certain at Plaintiffs' Lake Success, New York address and to produce the documents requested in the Subpoena. Pls.' Mot. at 1. Plaintiffs also

seek sanctions under Rule 37 in the form of attorneys' fees and the costs associated with retaining a court reporter for the deposition since Mr. Kollasch deliberately flouted the Subpoena and failed to appear at his duly-scheduled deposition. For the following reasons, Plaintiffs' motion is GRANTED, in part, and DENIED, in part.

"[B]road post-judgment discovery in aid of execution is the norm in federal and New York state courts. Post-judgment discovery is governed by Federal Rule of Civil Procedure 69, which provides that '[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.'" *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250, 189 L. Ed. 2d 234 (2014) (quoting FED. R. CIV. P. 69(a)(2)); *see First City, Texas Houston, N.A. v. Rafidain Bank*, 281 F.3d 48, 54 (2d Cir. 2002) ("Discovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure.") (citing FED. R. CIV. P. 69(a)). "The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment." *EM Ltd.*, 695 F.3d at 207 (citing FED. R. CIV. P. 26(b)(1)); *see Night Hawk Ltd. v. Briarpatch Ltd.*, 03 Civ. 1382, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003) ("The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings."); *see also Salvatorie Studios, Int'l v. Mako's Inc.*, 01 Civ. 4430, 2001 WL 913945, at *1 (S.D.N.Y. Aug. 14, 2001).

While Rule 69 of the Federal Rules of Civil Procedure authorizes post-judgment discovery "as provided in these rules," Rule 37 in turn authorizes "a party [to] move to compel a discovery response when an opposing party fails to comply with a discovery request."

4

*Automobile Club of New York, Inc. v. Port Authority of New York and New Jersey*, No. 11 Civ. 6746, 2012 WL 4791804, at *5 (S.D.N.Y. Oct. 9, 2012). "Such a motion must identify responses to requests believed to be inadequate, and provide explanation as to why those responses are inadequate." *Id.* (citing *Lawrence v. Artuz,* No. 00 Civ. 0721, 2001 WL 185039, at *1 (S.D.N.Y. Feb. 26, 2001); *LaBounty v. Coombe,* No. 95 Civ. 2617, 1996 WL 30291, at *2 (S.D.N.Y. Jan. 24, 1996)).

In the instant post-judgment proceedings, Plaintiffs claim that Mr. Kollasch "is the sole individual with knowledge regarding whether assets are available to satisfy the judgment," and that "[w]ithout a Court order . . . Plaintiffs will not be able to take Mr. Kollasch's deposition or otherwise engage in due diligence to enforce the judgment." *See* Pls.' Mot. at 2-3. Mr. Kollasch failed to appear at his deposition scheduled for December 21, 2018, despite being personally served with the Subpoena, *see id.* at 5-16, and neither Mr. Kollasch nor his counsel have contacted Plaintiffs with regard to rescheduling the deposition, *see generally id*. Indeed, when given the opportunity, Mr. Kollasch failed to assure Plaintiffs' counsel that he would take any steps to comply with the Subpoena. *See id.* at 2. The Court is satisfied that the testimony of Mr. Kollasch, as the principal of the defaulting Defendant and judgment debtor, is relevant to enforcement of the default judgment, and is thus discoverable as squarely within the scope of Federal Rule of Civil Procedure 26(b)(1). Given the routine use of "broad post-judgment discovery in aid of execution" in this Circuit, *EM Ltd.*, 695 F.3d at 207, and the fact that the testimony Plaintiffs seek is germane to the enforcement of the default judgment, the Court GRANTS Plaintiffs' motion for an order compelling Mr. Kollasch's appearance for his deposition and the production of documents.

With respect to Plaintiffs' application for attorneys' fees in connection with the instant motion and the costs associated with retaining a court reporter for Kollasch's deposition, the Court declines to grant such relief at this time. Should Mr. Kollasch's conduct continue in this vein, the Court will permit Plaintiffs to address the issue at a future date.

The Court, having considered the Plaintiffs' arguments and the applicable law, it is hereby:

**ORDERED, that <u>LUKE KOLLASCH is directed to appear in person before this Court, at the Alfonse D'Amato Federal Courthouse, 100 Federal Plaza, Central Islip, New York, 11722, Courtroom 910, on October 8, 2019 and show cause why sanctions should not be imposed upon him for his failure to comply with a duly authorized subpoena dated December 7, 2018, to appear for his deposition on December 21, 2018 and to produce the records called for in the subpoena</u>**; and it is further

**ORDERED,** that LUKE KOLLASCH is directed to produce documents responsive to Plaintiffs' December 7, 2018 subpoena no later than October 1, 2019 to the office of Trivella & Forte, LLP, 1311 Mamaroneck Avenue, Suite 170, White Plains, NY 10605; and it is further

**ORDERED**, that Plaintiffs' counsel shall serve a copy of this Order forthwith on Luke Kollasch by personal service and first-class mail no later than September 27, 2019, and shall file proof of such service on ECF no later than September 30, 2019.

Luke Kollasch is hereby informed that he has the opportunity to be excused from the October 8, 2019 Show Cause Hearing if and only if he contacts Plaintiffs' counsel by September 30, 2019 and sets a specific date for his deposition and for the production of the documents at issue and confirms that he has done so by a written letter to the Court submitted no later than October 1, 2019.

**LUKE KOLLASCH IS HEREBY PLACED ON NOTICE THAT ANY FAILURE TO COMPLY WITH THIS ORDER, INCLUDING ANY FAILURE TO APPEAR AT THE OCTOBER 8, 2019 IF HE HAS NOT PROVIDED A DATE CERTAIN FOR HIS DEPOSITION AND A SPECIFIC DATE FOR THE PRODUCTION OF DOCUMENTS CALLED FOR IN THE SUBPOENA, WILL RESULT IN FURTHER ACTION BY THE COURT, UP TO AND INCLUDING THE PROSPECT OF CONTEMPT PROCEEDINGS AND THE INVOLVEMENT OF THE U.S. MARSHAL SERVICE IF NECESSARY.**

**SO ORDERED.**

Dated: Central Islip, New York
September 20, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge